Janice R. GRAVES, et vir., Plaintiffs–Appellants,

v.

GRADY'S INC., Lamontagne Selected Wood Furnishings and Richard Turner Construction Co., Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

June 20, 1995.

Permission to Appeal Denied by Supreme Court Sept. 18, 1995.

**464**

Philip P. Durand, Ambrose, Wilson, Grimm & Durand, Knoxville, for Plaintiffs-Appellants.

Terrill L. Adkins, Frantz, McConnell & Seymour, Linda J. Hamilton Mowles, Lewis, King, Kreig & Waldrop, P.C., and D. Michael Swiney and Andrew R. Tillman, Knoxville, for Defendants–Appellees.

## OPINION

FRANKS, Judge.

In this action for personal injury, Janice Graves was injured when a booth at defendant Grady's Incorporated (Grady's) suddenly collapsed after she had finished lunch. Defendant Grady's was dismissed by summary judgment, and the installing contractor and manufacturer of the booth were dismissed on motion. Plaintiffs have appealed.

On November 13, 1992, Janice Graves was sliding across the seat to leave the booth following lunch when the booth suddenly collapsed causing personal injuries. This action was filed on October 18, 1993 against Grady's, and after answer, an amendment to the answer on April 25, 1994, was made which stated that LaMontagne Selected Wood Furnishings (LaMontagne) and a general contractor, Richardson Turner Construction Company (Turner) had manufactured and installed the booth, and plaintiff's injuries were caused or contributed to by LaMontagne and Turner.

In their complaint, plaintiffs allege Grady's "was negligent in seating them in a dining room at the restaurant which was in a defective and dangerous condition, and poorly maintained, . . .". In support of the summary judgment, Grady's filed the affidavit of its manager who stated his examination of the booth "indicates that the seat fell when a wood support broke unexpectedly". Further, he had experienced "no prior accidents with booth No. 48, no similar incidents with any of the booths in either of the restaurants, and no notice of any danger posed by the booths". In response to the summary judgment, plaintiffs filed the affidavit of Robert F. Sedlack, who said he was familiar with materials used in the construction of restaurant booths and how materials affect the design of booths, that he had inspected the

booth in question and concluded that improper materials were used in the booth's construction and he was of the opinion that Grady's failed to properly supervise the installation of the booths. He also stated "I inspected an adjoining booth and it was also showing signs of bowing".

 This is yet another case where the Trial Court has granted summary judgment in a negligence action in the face of the general rule that summary judgments are not appropriate in tort actions. *See Bowman v. Henard,* 547 S.W.2d 527 (Tenn.1977). As stated in *McCormick v. Waters,* 594 S.W.2d 385 (Tenn.1980) a business owner has an obligation to exercise ordinary care and diligence in maintaining his premises in a safe condition for invitees, and is under an affirmative duty "to protect invitees, among them business visitors, not only against dangers of which they know, but also against those which with reasonable care they might discover". *Id.* at p. 387. *Waters* is particularly instructive in this case. In *Waters,* the negligent action arose as a result of injuries sustained when a barn loft where the plaintiff was stacking hay, collapsed. In reversing a directed verdict for the defendant, the *Waters* Court observed:

> This duty of the owner or occupier of the land arises from the position of control which this person in possession occupies; he is the person normally best able to prevent any harm to others. *See Paradiso* [*v. Kroger Co.,* 499 S.W.2d 78 (Tenn.App. 1973) ], *supra.* This same position of superior knowledge and control gives rise to the requirement that the possessor of land exercise ordinary or reasonable care to provide a reasonably safe place for the performance of work by employees. *Stringer v. Cooper and Cooper Office Equipment, Inc.,* 486 S.W.2d 751 (Tenn. App.1972).
>
> *Id.* at 387.

 Defendant offered no evidence as to the supervision of the installation and selection of the booths, nor of any inspections of the booths during their use. Plaintiffs' response indicates that such inspections would have revealed the condition. Accordingly, summary judgment was inappropriate and we vacate and remand as to defendant Grady's.

The remaining defendants, in their motion to dismiss, essentially state the one year statute of limitations applicable to them had run prior to the time they were added as defendants. While conceding the plaintiffs acted pursuant to T.C.A. § 20–1–119, which became effective on May 19, 1993, they insist the general statute of limitations applicable to them ran on November 13, 1993, and under the authority of *Girdner v. Stephens,* 48 Tenn. 280 (1870) this defense cannot be taken away by statute or ordinance where the defendant had a vested right to plead the statute of limitations. They further cite *Ford Motor Co. v. Moulton,* 511 S.W.2d 690 (Tenn.1974) to the effect that the General Assembly is without constitutional authority to revive a cause of action that has previously been barred by the statute of limitations.

While these principles are correct, they are not applicable to the facts of this case.

T.C.A. § 20–1–119 in pertinent part provides:

> "(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, ...
>
> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action

**466**

against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a)."

 The General Assembly has power to create, abolish, modify, amend or alter statutes of limitations. *See Arnold v. Davis,* 503 S.W.2d 100 (Tenn.1973).

 The familiar rules that special statutes take precedence over general statutes and that statutes relating to the same subject matter are to be read *in pari materia* are applicable here. The facts in this case fall within the ambit of the special statute of limitations provided in T.C.A. § 20–1–119, since this statute was enacted and effective prior to the running of the statute of limitations as to these defendants. There is no vested right in a statute of limitations unless and until the cause of action has accrued and expired. *See Watts v. Putnam County,* 525 S.W.2d 488 (Tenn.1975). In this case, the cause of action would have expired after § 20–1–119 became effective and the statute was extended as to these defendants until after 90 days had elapsed from filing the answer alleging these defendants' complicity in plaintiff's injuries, before the right to plead the statute vested.

Accordingly, we vacate the orders of dismissal as to these defendants and remand for further proceedings as to all defendants, with costs of the appeal assessed to appellees.

GODDARD, P.J. (E.S.), and SUSANO, J., concur.