# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

FILED

**January 13, 1998**

Cecil Crowson, Jr.
**Appellate Court Clerk**

| | | |
|---|---|---|
| JANICE R. GRAVES and | ) | KNOX CIRCUIT |
| JOHN GRAVES, | ) | |
| | ) | NO. 03A01-9708-CV-00336 |
| Plaintiffs/Appellants | ) | |
| | ) | HON. DALE WORKMAN |
| v. | ) | JUDGE |
| | ) | |
| GRADY'S INC., | ) | |
| LAMONTAGNE SELECTED | ) | |
| WOOD FURNISHINGS, and | ) | |
| RICHARDSON TURNER | ) | |
| CONSTRUCTION CO., | ) | |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED. |

Philip Durand, Lars E. Schuller, and Andrew L. Colcotronis, Knoxville, for Appellants.

Linda J. Hamilton Mowles, Knoxville, for Appellees Richardson Turner Construction Company.

Terrill L. Adkins, Knoxville, for Appellee LaMontagne Selected Wood Finishings

## O P I N I O N

INMAN, Senior Judge

## I

This is the second appeal of this case. The first opinion is reported in 906 S.W.2d 463 (Tenn. App. 1995), to which we make reference for the basis and history of this litigation. The manufacturer of the offending booth, LaMontagne, and the general contractor, Richardson Turner, were dismissed by the trial court which held that the one-year statute of limitations barred the action since it was filed April 25, 1994 and the accident occurred November 13, 1992. We disagreed, holding that T.C.A. § 20-1-119 provides a special statute of *limitations*.

"(a) In civil actions where comparative fault is or becomes an issue,

if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, . . .

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a)."

On remand, the manufacturer and contractor filed motions for summary judgments based on the statute of *repose,* which was *not an issue* on the first appeal. These motions were granted, and the plaintiffs appeal, essentially arguing that the appellees "attempt to circumvent the Court of Appeals opinion [which] can only be classified as a legal legerdemain."

**II**

The plaintiff, Janice Graves, was injured when the booth she was occupying at Grady's Restaurant collapsed as she was having her lunch. The accident occurred on November 13, 1992.

This suit for damages was filed October 18, 1993 against Grady's, which answered that the injuries to the plaintiff were caused by the manufacturer of the booth, later identified by amended answer as LaMontagne. The answer further identified the general contractor as Richardson Turner. On April 25, 1994, by amended complaint, LaMontagne and Richardson Turner were joined as defendants.

Construction of Grady's Restaurant was substantially completed on

2

September 29, 1989, on which date a Certificate of Occupancy was issued. This fact is not disputed.

The complaint was filed against Grady's on October 18, 1993. This fact is not disputed. On April 24, 1994, LaMontagne and Richardson Turner were added as defendants. This fact is not disputed.

## III

It is clear that the plaintiff in comparative fault cases wherein the one-year statute has apparently barred the action has 90 days after an answer is filed identifying other potentially liable parties within which to add such persons to the suit, but subject to the *condition that any applicable Statute of Repose is unaffected.*

T.C.A. § 28-3-202, 203 are the Statutes of Repose, which provide:

> **28-3-202. Limitation of actions.** All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observtion of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

> **28-3-203. Injury during fourth year after completion - Limitation of action.** (a) Notwithstanding the provisions of § 28-3-202, in the case of such an injury to property or person or such injury causing wrongful death, which injury occurred during the fourth year after such substantial completion, an action in court to recover damages for such injury or wrongful death shall be brought within one (1) year after the date on which such injury ocurred, without respect to the date of death of such injured person.
> (b) Such action shall, in all events, be brought within five (5) years after the substantial completion of such an improvement.

The plaintiff was injured on November 13, 1992 and the case thus falls within the fourth year after substantial completion - September 29, 1989 - of

the project. The action was required to be brought not later than November 13, 1993.

The action was filed April 25, 1994, more than five months beyond the one-year grace for injuries occurring within the fourth year after substantial completion.

**IV**

The role of the appellate courts in construing statutes is to ascertain and give effect to the legislative intent. *Wilson v. Johnson County,* 879 S.W.2d 807, 809 (Tenn. 1994), which is ascertained, whenever possible, from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. *Carson Creek Vacation Resorts, Inc. v. State Dept. of Revenue,* 865 S.W.2d 1, 2 (Tenn. 1993). A construction which places one statute in conflict with another should be avoided and any possible conflict between statutes in favor of each other should be resolved so as to provide a harmonious operation of the laws. *State By and Through Pierotti ex rel. Boone v. Sundquist,* 884 S.W.2d 438, 444 (Tenn. 1994).

The Supreme Court in *Cronin v. Howe,* 906 S.W.2d 910 (Tenn. 1995), explained the operational difference between a statute of limitations and a statute of repose:

> "[w]here the one-year statute of limitations governs the time within which legal proceedings may be commenced after a cause of action *accrues,* the three-year medical malpractice statute of repose limits the time within which an action may be *brought,* but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued . . . That distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy. (Emphasis in original.)

The statute of repose has the effect of barring both the right and the remedy

4

before they accrue which, as *Cronin* notes, is permissible.

Applying these principles to the case at bar, we think the statute of repose applies to the case against the manufacturer and the contractor. Plaintiffs concede that T.C.A. § 28-3-202 is a statute of *repose* which cuts off the right of action after a specified time even if that time expires before the accrual of the cause of action, but argue that T.C.A. § 28-3-203 is a statute of *limitations* which extinguishes the right to prosecute an accrued cause of action, arguably to be considered separately from T.C.A. § 28-3-202. According to plaintiff's argument, since § 203 is a statute of limitations, T.C.A. § 20-1-119 applies, and grants additional time to allege a claim of comparative fault, making plaintiff's amended complaint timely.

This rationale would undermine the entire legislative intent expounded in *Cronin, supra,* that arthitects, engineers, etc. not be subject to lawsuits for the reasons contemplated by the Act except for these injuries which occur within four years after substantial completion. T.C.A. § 28-3-203 must be considered *in pari materia* with T.C.A. § 28-3-203, and the additional time within which to file suit if injury occurs in the fourth year following substantial completion is to allow the plaintiff sufficient time following injury to prepare his/her case before the statute of repose extinguishes the right and remedy.

As we have seen, a plaintif has 90 days within which to add as a defendant any person named by the party defendant as being potentially liable to the plaintif under the principles of comparative fault. This period is available to the plaintiff notwithstanding the expiration of the statute of limitations applicable to plaintiff's claims, but the legislature specifically expressed its intention that any applicable statute of repose would control.

The thrust of the plaintiffs' argument is that they are entitled to assert a

claim against a party for negligent acts related to the improvement of real estate at any time within 90 days from the date that another defendant has identified a party in a comparative fault allegation, without regard to the date of substantial completion and the expiration of the four year statute of repose. This argument destroys the statute of repose and ignores the plain intent of T.C.A. § 20-1-119, which provides that it does not "extend any applicable statute of repose."

Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. T.C.A. § 50-6-225(e)(2). *Stone v. City of McMinnville,* 896 S.W.2d 548, 550 (Tenn. 1995).

We agree that summary judgment was properly granted to the manufacturer and contractor, and the judgment is affirmed at the costs of the appellants.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge