Donald G. **BUMGARDNER** and wife, Sharon Bumgardner, Plaintiffs,

v.

Edward A. **VONK**, Defendant.

No. 3:97–CV–439.

United States District Court, E.D. Tennessee.

March 9, 1998.

Marty McDonald, Jay W. Mader, McDonald, Levy & Taylor, Knoxville, TN, for Plaintiff.

Beecher A. Bartlett, Jr., Kramer, Rayson, Leake, Rodgers & Morgan, Knoxville, TN, for Defendant.

## MEMORANDUM OPINION

JARVIS, District Judge.

This is a diversity action arising out of an automobile accident that occurred in Sevier County, Tennessee. It was brought in this court pursuant to 28 U.S.C. § 1332. Currently pending is the plaintiffs' motion for partial summary judgment seeking to bar the defendant from asserting the comparative fault of Sevier County. For the reasons that follow, the motion is granted.

On June 16, 1996, plaintiff Donald Bumgardner was traveling north on Highway 66 in Sevier County and stopped on the I–40 overpass because of traffic in front of him. Defendant Edward A. Vonk approached from behind, and his vehicle collided with Bumgardner's vehicle. Plaintiffs' vehicle allegedly sustained substantial damage and plaintiff alleges that he suffered significant personal injuries.

On June 9, 1997, plaintiffs filed suit against defendant Vonk and mailed a summons and a copy of the complaint to him in care of U.S.D.A. Office of The Inspector General, 200 N. High Street, Room 346, Columbus, Ohio 43215. Although defendant apparently received the summons and complaint, he contested service of the same through his counsel. Plaintiffs then mailed a Notice of Lawsuit and Request for Waiver of Service and Summons, as well as another copy of the complaint to defendant at his home address on August 22, 1997. Defendant executed the Waiver of Service on September 18, 1997, and filed his answer to plaintiffs' complaint on September 24, 1997.

In his answer, Vonk affirmatively asserted that Sevier County shared in the fault for the accident between the parties. Specifically, Vonk alleged that Sevier County was at fault as a result of the construction of the roadway and roadway singage—both conditions of which Sevier County allegedly had notice.

As a governmental entity, Sevier County has general immunity from suit unless that immunity has been waived under certain specific conditions. T.C.A. § 29–20–201 (Supp. 1997). Among the exceptions allowing a cause of action against a governmental entity is an injury arising from a defective, unsafe or dangerous street or highway owned and controlled by the governmental entity. T.C.A. § 29–20–203. In abrogating the general rule of immunity, however, the Governmental Tort Liability Act (GTLA) expressly states that "the action must be commenced within twelve (12) months after the cause of action arises." T.C.A. § 29–20–305(b).

After the advent of comparative fault in Tennessee, the legislature enacted T.C.A. § 20–1–119 to address the problem between non-party liability and the expiration of a statute of limitations. Specifically, T.C.A. § 20–1–119 allows a plaintiff an additional ninety (90) days after the running of a statute of limitations to either amend the original complaint or file a separate lawsuit against a party whom a defendant has alleged to be at fault. However, this 90–day grace period has been found by the courts of Tennessee to be inapplicable to governmental entities, and the parties concede that the grace period cannot be used to join Sevier County. *See Goodman v. Suh,* 1995 WL 507778 at *1 (Tenn.Ct.App.1995). *See also Williams v. Memphis Light, Gas & Water Division,* 773 S.W.2d 522 (Tenn.Ct.App.1988) (saving statute inapplicable to actions brought under the GTLA).

Following the adoption of comparative negligence in Tennessee, the Supreme Court of Tennessee has observed that "concepts of fairness and efficiency are the basis of comparative fault." *Owens v. Truckstops of America,* 915 S.W.2d 420, 424 (Tenn.1996). On at least one occasion, the Tennessee Supreme Court has considered the issue of fairness as related to the liability of an immune party and a plaintiff's need for justice. In *Ridings v. Ralph M. Parsons Company,* 914 S.W.2d 79, 82 (Tenn.1996), the Tennessee Supreme Court determined that a defendant in a personal injury action cannot assert the fault of a plaintiff's employers when the plaintiff's personal injuries were sustained in the course and scope of his employment. This is equitable because the Workers Compensation Act provides an injured employee's exclusive remedy against the employer and thereby eradicates the employer's liability to

the employee in tort. *Id.* 914 S.W.2d at 81 n. 2. Because of the immunity enjoyed by the injured plaintiff's employer, the Court stated that "the rationale of *McIntyre* [*McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn.1992) ] postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort." *Id.* at 81. The *Ridings* court noted:

> [O]nly a nonparty against whom the plaintiff has a cause of action can be made a party. Since the plaintiff's employer cannot be made a party to the plaintiffs tort action for personal injuries sustained in the course and scope of his employment, the rationale of *McIntyre* both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer.

*Id.* at 82. The court also noted that the Tennessee Contribution Among Tortfeasors Act, codified at T.C.A. § 29–11–102(a), prohibits the assessment of liability against persons to whom immunity has been granted. The Court concluded that limiting the attribution of fault to those actually subject to liability for the accident accomplished "policy objectives of fairness and efficiency." *Id.*

The defendant argues that barring attribution of fault to Sevier County would result in unfairness because the plaintiff could have filed his lawsuit well before the running of the statute of limitations and would have allowed Sevier County to be timely joined. However, plaintiffs had no reason to file their complaint early and should not be punished for using the entire statute of limitations. Under the circumstances of this case either holding will result in a seeming unfairness to one side or the other. I am of the opinion that, under the cases of the Tennessee Supreme Court, it is the injured plaintiffs whom the courts of Tennessee would protect.

In this case, plaintiffs are precluded from bringing suit against Sevier County. The 90–day grace period of T.C.A. § 20–1–119 is inapplicable to actions against governmental entities. Therefore, according to the principles of the *McIntyre* case, the *Ridings* case, and the Contribution Among Tortfeasors Act, I am of the opinion that courts of Tennessee would not allow the defendant to attribute fault to Sevier County. In light of the foregoing, plaintiffs' motion for partial summary judgment will be granted. Defendant in this case will be prohibited from attributing fault to Sevier County.

Order accordingly.

### ORDER

For the reasons set forth in the Memorandum Opinion this day passed to the Clerk for filing, it is hereby ORDERED that plaintiffs' motion for partial summary judgment [Court File # 6] is GRANTED, and defendant is prohibited from attributing fault to Sevier County.