IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 7, 2008 Session

## VIRGINIA ELROD v. CONTINENTAL APARTMENTS, ET AL.

Appeal from the Circuit Court for Coffee County
No. 34,788    Craig Johnson, Judge

No. M2007-01117-COA-R3-CV - Filed February 13, 2008

The unsuccessful plaintiff appeals the summary dismissal of her slip and fall claim against an apartment complex and its owner. During the second day of a winter storm, the plaintiff traveled along icy roads to make a security deposit at the apartment complex. Although she had carefully exited her vehicle and walked to the office to make the deposit, she chose to "trot" back along the same path to her car. While trotting to her car, she slipped on the icy parking lot, breaking her ankle. The trial court summarily dismissed the plaintiff's complaint. Viewing the facts in a light most favorable to the plaintiff, we find that reasonable minds could not differ that the plaintiff's fault was greater than that of the defendants. We, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD DINKINS, JJ., joined.

Robert A. Croy, Manchester, Tennessee, for the appellant, Virginia Elrod.

John W. Rodgers and James P. Barger, Murfreesboro, Tennessee, for the appellees, Continental Apartments and Ronnie L. Randall.

### OPINION

On a snowy day in December of 2004, Virginia Elrod traveled from her home in Tullahoma to Manchester to deliver a security deposit at the Continental Apartments in order to reserve an apartment for herself and a friend. Ms. Elrod had planned to deliver the security deposit on the previous day, however, a winter storm blanketed middle Tennessee with snow and ice and thus she waited until the next day to make the deposit.

As Ms. Elrod drove from Tullahoma to Manchester on the following day, the area was covered with ice and snow, and sleet and snow were falling as she drove. She testified that she drove "very slowly" due to what she considered to be hazardous road conditions. She explained that while

the main roads were relatively clear, the back roads were still covered with snow and ice.[1]  After driving into the apartment complex, Ms. Elrod said her car "slid" as she attempted to park immediately in front of the deposit box.

When Ms. Elrod was getting out of her car, she observed snow and ice all around, and proceeded to "tiptoe" carefully on the parking lot pavement as she walked directly to the deposit box. She deposited the security check into the deposit box and immediately proceeded to return to her car. She took the same route back to her car; however, instead of walking carefully to her car, Ms. Elrod elected to walk in a "trot like" manner.  As she trotted off of the sidewalk onto the parking lot, Ms. Elrod slipped on the snow and ice, fell to the ground, and fractured her right ankle.

Ms. Elrod filed this action against the co-defendants, Continental Apartments and Ronnie L. Randall, owner of the complex, alleging they negligently failed to clear the ice off of the parking lot.  After the parties took discovery, the defendants moved for summary judgment, contending they neither owed a duty, nor breached any duty to Ms. Elrod.  The trial court granted the motion concluding that the defendants owed no duty to remove the ice and snow from the parking lot during an ongoing winter storm.  Plaintiff appeals.

## STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment.  Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003).  This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).  When reviewing the evidence, we first determine whether factual disputes exist.  If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgments are proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, they are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04.  Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001).  The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to

---

[1]Ms. Elrod stated, "it was still bad where, you know, they didn't clean those back roads and stuff . . . ."

any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975).

## ANALYSIS

The defendants, as property owners, are not insurers of the safety of the common elements under their control; however, they do have a duty to exercise ordinary care with regard to the condition of the common areas and common passageways under their control. *Tedder v. Raskin*, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987). Conversely, Ms. Elrod had a duty to exercise reasonable care for her own safety, *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 904 (Tenn. 1996), and a duty to see what was in plain sight, which in this case was an icy parking lot. *See Easley v. Baker*, No. M2003-02752-COA-R3-CV, 2005 WL 697525, at *8 (Tenn. Ct. App. Mar. 24, 2005).

Under Tennessee's system of modified comparative fault, liability may be allocated in proportion to degree of fault so long as the fault attributable to the plaintiff is less than that attributable to the defendant(s). *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). The presence of comparative fault is a question of fact within the province of the jury, and it should not be lightly invaded by the trial court. *LaRue v. 1817 Lake, Inc.*, 966 S .W.2d 423, 427 (Tenn. Ct. App. 1997). Summary judgment is generally not an appropriate judicial mechanism by which to determine comparative fault. *See Graves v. Grady's Inc.* 906 S.W.2d 463, 465 (Tenn. Ct. App. 1995); *see also Davis v. Campbell*, 48 S.W.3d 741, 747 (Tenn. Ct. App. 2001) (noting that summary judgment is not appropriate for determining issues of disputed fact). If, however, "the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ that her fault was equal to or great[er] than that of the defendants, summary judgment in the defendant's favor may be granted." *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 91-92 (Tenn. 2000); *see Carr v. Ozburn-Hessey Storage Co.*, No. 01-A-01-9511-CV-00527, 1996 WL 383295, at *2 (Tenn. Ct. App. Jul.10, 1996).

The facts of this case are generally uncontroverted. The accident occurred on a wintry afternoon. On the previous day, middle Tennessee had been hit by a winter storm that had covered the area with snow, and snow and sleet had been falling throughout the day on which the accident occurred. Prior to her fall, the owner and manager of the apartment complex had shoveled and salted the sidewalks and handicap ramps to minimize the risk posed by the obviously slippery conditions.[2] They had not yet, however, salted or shoveled the parking lot.

Ms. Elrod was well aware that snow and ice had accumulated on the parking lot due in part to the fact her car slid as she was parking. As she exited her vehicle, she saw that snow and ice was

---

[2]Earlier in the morning and again in the mid-afternoon, the owner and manager of Continental Apartments salted and shoveled the sidewalks and handicap access ramps to the parking lot; however, they had not yet salted or shoveled the parking lot, and it was still snowing and sleeting while they were attempting to clean off the sidewalks and ramps.

all around her.  She explained that she took reasonable precautions to prevent injury to herself by "tiptoing" from her car to the deposit box.  However, and for reasons that defy logic, as she returned to her car, she moved in a "little trot like" manner on pavement she knew was slippery due to ice and snow, she fell and fractured her ankle.

In *Easley v. Baker*, No. M2003-02752-COA-R3-CV, 2005 WL 697525, at *8 (Tenn. Ct. App. Mar. 24, 2005), the owners of "Legends Bar and Grill" were granted summary judgment based upon facts very similar to those at issue here.  When the *Easley* plaintiff walked into the restroom at the restaurant, he saw a large puddle of water, which was in plain sight and marked by a "wet floor" sign; yet, he chose to walk directly into the puddle of water.  After stepping in the water he fell, and subsequently sued contending the restaurant owner and operators were negligent. *Id.* at *1-4.  The trial court summarily dismissed the complaint.  On appeal, we affirmed stating, "[t]he plaintiff . . . had a duty to see what was in plain sight, which includes both the accumulated water and the "wet floor" sign.  He likewise had a duty to use his own senses to realize that he was walking through water as by his own testimony, he took at least two full steps into the accumulated water before he slipped." *Id.* at 8.  Although the plaintiff contended there were material facts at issue, we determined that "reasonable minds cannot differ but that plaintiff's own inattention under comparative fault principles is at least 50 percent responsible for his slipping on the floor and his resulting injuries." *Id.*

In the case at bar, it is indisputable that Ms. Elrod failed to exercise reasonable care in the face of a known hazard.  Her car slid in the parking lot, she saw the snow and ice on the ground, and when she walked toward the deposit box she proceeded in a most cautious manner; however, when she walked back to her car along the same path, she abandoned caution by "trotting" over snow and ice.  Viewing the facts in a light most favorable to Ms. Elrod, we find that reasonable minds could not differ that her fault was greater than any of the defendants and therefore, the defendants are entitled to summary judgment.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Virginia Elrod.

_____
FRANK G. CLEMENT, JR., JUDGE