# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 2, 2011 Session

## CALVIN GRAY MILLS, JR. ET AL. V. FULMARQUE, INC.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. CT-005990-05, Lorrie K. Ridder, Judge**

---

**No. W2010-00933-SC-R11-CV - Filed February 24, 2012**

---

We accepted this appeal to determine whether the phrase "a defendant named . . . within the applicable statute of limitations" in Tennessee Code Annotated section 20-1-119(a) (2009) refers only to a defendant sued within the statute of limitations applicable to the plaintiff's claim or also refers to defendants not sued within the statute of limitations applicable to the plaintiff's claim, but added to the lawsuit during the ninety-day period provided by section 20-1-119(a). Whether section 20-1-119(a) affords successive ninety-day windows during which a plaintiff may amend a complaint to add a new nonparty defendant as a comparative tortfeasor is an issue of first impression. Because we answer that question in the negative, we reverse the Court of Appeals and reinstate the judgment of the trial court granting Fulmarque's motion for summary judgment and dismissing this action.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals**
**Reversed; Judgment of the Trial Court Reinstated**

CORNELIA A. CLARK, C.J., delivered the opinion of the Court, in which JANICE M. HOLDER, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined. GARY R. WADE, J., filed a dissenting opinion.

Andrew H. Owens, Memphis, Tennessee, for the appellant, Fulmarque, Inc.

Irma Merrill Stratton, Memphis, Tennessee, and J. Houston Gordon, Covington, Tennessee, for the appellees, Calvin Gray Mills, Jr. and Linda Mills.

# OPINION

Because this case was dismissed on a motion for summary judgment, only a statement of the relevant procedural history is necessary to our determination of the issues presented.

## Facts and Procedural History

On April 24, 2002, Calvin J. Mills, Jr., fell from the chair in which he was sitting while making a business call at the Allen Stone Box Company in Halls, Tennessee. On December 20, 2002, Mr. Mills and his wife (collectively "Plaintiffs" or "the Millses") timely filed a personal injury lawsuit in the United States District Court for the Western District of Tennessee.[1] Plaintiffs' original complaint named two defendants, N & M Investment, L.P.[2] and The Royal Group, Inc. d/b/a The Allen Stone Box Company ("The Royal Group").

On January 2, 2004, The Royal Group filed a second amended answer that alleged the comparative fault of Aaron Rents, Inc. ("Aaron Rents"), the company that sold the chair. After obtaining leave of court, the Millses amended their complaint on January 26, 2004, adding Aaron Rents as a defendant. The one-year statute of limitations applicable to their personal injury cause of action had expired before The Royal Group filed its amended answer naming Aaron Rents. As a result, Plaintiffs filed their amended complaint within ninety days of The Royal Group's amended answer, relying upon Tennessee Code Annotated section 20-1-119, which provides in part:

> (a) In civil actions where comparative fault is or becomes an issue, *if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations*, . . . alleges in an . . . amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the . . . first amended answer alleging that person's fault . . . [a]mend the complaint to add the person as a defendant . . . .

---

[1] A personal injury cause of action in a product's liability case accrues "on the date of the personal injury." Tenn. Code Ann. § 28-3-104(b)(1) (2000). A cause of action for "injuries to the person" must be "commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1).

[2] N & M Investment, L.P. is not a party to this appeal. Although the record is not clear, N & M Investments, L.P. was apparently granted summary judgment and dismissed from the federal lawsuit some time before January 26, 2004.

(b) A cause of action brought within ninety (90) days pursuant to subsection
(a) shall not be barred by any statute of limitations. . . .

Tenn. Code Ann. § 20-1-119(a)-(b) (emphasis added).

In its April 4, 2004 answer to the Millses' amended complaint, Aaron Rents alleged fault against Fulmarque, Inc. ("Fulmarque"), the company that manufactured the chair Aaron Rents sold to The Royal Group. In response, the Millses again obtained leave of court and filed a second amended complaint on April 30, 2004, naming Fulmarque as a defendant. The Royal Group thereafter filed an amended answer also alleging comparative fault against Fulmarque.

The addition of Fulmarque, a Tennessee corporation, destroyed diversity jurisdiction, so the federal litigation was dismissed on December 9, 2004. On November 10, 2005, the Millses refiled their lawsuit in the Circuit Court of Shelby County, Tennessee, this time naming Aaron Rents and Fulmarque as defendants.[3] On January 26, 2006, Fulmarque filed its answer, asserting the statute of limitations as an affirmative defense. On February 5, 2007, Fulmarque moved for summary judgment, asserting that it had not been sued within the applicable statute of limitations. The trial court denied Fulmarque's motion for summary judgment by an order entered May 18, 2007; however, on January 15, 2008, the trial court granted Fulmarque permission to seek an interlocutory appeal. See Tenn. R. App. P. 9. The Court of Appeals denied Fulmarque's Rule 9 application on February 19, 2008, and Fulmarque did not seek an appeal to this Court.

When the trial court proceedings resumed,[4] Fulmarque filed a renewed motion for summary judgment on March 18, 2009. On October 16, 2009, the Millses entered an order of voluntary dismissal as to Aaron Rents. The trial court, by an order entered on March 2, 2010, granted Fulmarque's motion for summary judgment, concluding that the action was barred by the statute of limitations. In so deciding, the trial court pointed out that the Millses did not file suit against Aaron Rents or Fulmarque within the one-year statute of limitations applicable to personal injury suits. See Tenn. Code Ann. § 28-3-104. The trial court then considered whether the lawsuit against Fulmarque was timely under Tennessee Code Annotated section 20-1-119. The trial court interpreted the statutory phrase "applicable

_____

[3] Because the federal court action was dismissed for lack of jurisdiction, the Millses had "one (1) year from the date of such dismissal to timely file [their] action in an appropriate state court." Tenn. Code Ann. § 28-1-115 (2000).

[4] On January 2, 2009, the original trial judge, Rita L. Stotts, died. She was replaced by Lorrie K. Ridder in April 2009.

statute of limitations" to refer only to the one-year statute of limitations for personal injury causes of action. As a result, the trial court concluded that the ninety-day window provided by section 20-1-119 was not triggered by Aaron Rents' answer alleging comparative fault against Fulmarque. Quoting section 20-1-119, the trial court explained that "Aaron Rents was not '*a defendant named in an original complaint initiating a suit within the applicable statute of limitations or named in an amended complaint filed within the applicable statute of limitations.*'"[5]

Plaintiffs appealed, and the Court of Appeals reversed. Unlike the trial court, the Court of Appeals interpreted the phrase "applicable statute of limitations" as referring both to the one-year limitation period for personal injury causes of action *and* "to the limitation period as extended by the ninety-day window." Mills v. Fulmarque, Inc., No. W2010-00933-COA-R3-CV, 2010 WL 5449839, at *1 (Tenn. Ct. App. Dec. 23, 2010). Applying this interpretation, the Court of Appeals determined that, when Aaron Rents was added after expiration of the one-year statute of limitations, but within ninety days of The Royal Group's amended answer, Aaron Rents had been "named in an amended complaint filed within the applicable statute of limitations" as required by section 20-1-119. Thus, the Court of Appeals explained, when Aaron Rents' answer alleged comparative fault against Fulmarque, section 20-1-119 was *again* triggered, affording the Millses a second ninety-day period within which to file an amended complaint naming Fulmarque as a defendant. Because the Millses filed an amended complaint naming Fulmarque within this second ninety-day period, the Court of Appeals concluded that Plaintiffs' lawsuit against Fulmarque was timely.

We granted Fulmarque's application for permission to appeal.

Standard of Review

This case has been appealed from the trial court's grant of summary judgment to Fulmarque. Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. As the parties do not disagree concerning any material fact in the case, the issue presented is purely a question of law. We review the trial

---

[5] The trial court also concluded that the ninety-day window was not triggered when The Royal Group amended its answer to allege comparative fault against Fulmarque because, by that time, the Millses had already named Fulmarque as a party to the lawsuit and the statute applies only when comparative fault is alleged against a "person not a party to the suit." Tenn. Code Ann. § 20-1-119(a). In this appeal neither party challenges this portion of the trial court's ruling, and we expressly reserve decision on the proper interpretation of this statutory language until the issue is squarely presented.

court's decision as to summary judgment de novo with no presumption of correctness. Hall v. Haynes, 319 S.W.3d 564, 571 (Tenn. 2010); Bailey v. Blount Cnty. Bd. of Educ., 303 S.W.3d 216, 226 (Tenn. 2010). This appeal also involves an issue of statutory construction, which we also review de novo with no presumption of correctness. Austin v. State, 222 S.W.3d 354, 357 (Tenn. 2007).

## Analysis

In McIntyre v. Balentine, 833 S.W.2d 52, 56 (Tenn. 1992), we abrogated our long-held principles of contributory negligence and adopted a system of modified comparative fault for the resolution of tort claims. Under the McIntyre system, "so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." Id. at 57. "In adopting this system, we attempted to reconcile a plaintiff's interest in being made whole with a defendant's interest in paying only those damages for which he or she is responsible." Jones v. Prof'l Motorcycle Escort Serv., L.L.C., 193 S.W.3d 564, 567 (Tenn. 2006). To attain this goal, we recognized:

> [F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint.

McIntyre, 833 S.W.2d at 58. However, we anticipated that allowing a defendant to shift some or all of the fault to a nonparty would result in a "predicament for some plaintiffs because a defendant could plead the fault of a nonparty after the statute of limitations had run against that nonparty, thus preventing the plaintiff from adding the nonparty to the suit." Browder v. Morris, 975 S.W.2d 308, 310 (Tenn. 1998). In such situations, "[a]ny fault attributed to the time-barred nonparty would then not be recoverable by the plaintiff." Id.

In 1993,[6] the Legislature addressed this problem by enacting Tennessee Code Annotated section 20-1-119, which currently provides in relevant part:

(a) In civil actions where comparative fault is or becomes an issue, *if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations,* alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).
(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.
(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).
. . .
(f) As used in this section, "person" means any individual or legal entity.
. . . .

Tenn. Code Ann. § 20-1-119 (emphasis added).

In this appeal, the parties dispute whether "a defendant named . . . within the applicable statute of limitations" means only a person sued within the original one-year limitation period for personal injury actions, or whether it also applies to persons not sued within the original one-year period, but added as defendants during the ninety-day period

_____

[6] See Act of May 19, 1993, ch. 407, 1993 Tenn. Pub. Acts 699-700; Owens v. Truckstops of Am., 915 S.W.2d 420, 424 (Tenn. 1996) (discussing the purpose of the statute and the date of its enactment).

provided by section 20-1-119(a). The question of whether section 20-1-119(a) affords only a single, or successive, ninety-day window(s) during which a plaintiff may amend its complaint to add a new nonparty defendant as a comparative tortfeasor is an issue of first impression to this Court.[7]

Our resolution of this issue is guided by the familiar rules of statutory construction. See Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 527 (Tenn. 2010). Our role is to determine legislative intent and to effectuate legislative purpose. Id. at 526; In re Estate of Tanner, 295 S.W.3d 610, 613 (Tenn. 2009). The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. See Lee Med., Inc., 312 S.W.3d at 526; Hayes v. Gibson Cnty., 288 S.W.3d 334, 337 (Tenn. 2009); Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 (Tenn. 2008). When the language of the statute is clear and unambiguous, courts look no farther to ascertain its meaning. See Lee Med., Inc., 312 S.W.3d at 527; Green v. Green, 293 S.W.3d 493, 507 (Tenn. 2009). When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. Lee Med., Inc., 312 S.W.3d at 527-28. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions." Id. at 528.

Fulmarque contends that "applicable statute of limitations" refers exclusively to the statute of limitations for the plaintiff's cause of action, which in this case is one year from the date of injury. Tenn. Code Ann. § 28-3-104(a)(1), (b)(1). Because Aaron Rents was not sued within the one-year statute of limitations for personal injury claims, Fulmarque argues that Aaron Rents' answer alleging fault against it did not trigger section 20-1-119 and afford the Millses a second ninety-day period to add Fulmarque to the lawsuit.

In contrast, the Millses argue that, even though Aaron Rents was not sued within the one-year statute of limitations, its addition to the suit pursuant to the ninety-day period provided in section 20-1-119 means that Aaron Rents was sued within the "applicable statute of limitations." As a result, the Millses contend that Aaron Rents' answer alleging fault against Fulmarque again triggered section 20-1-119 and opened to them a second ninety-day period within which to file an amended complaint naming Fulmarque. The Millses argue that section 20-1-119, by use of the term "applicable statute of limitations," refers to itself, in

_____

[7] We accepted certification on this issue from the United States District Court for the Eastern District of Tennessee in Curtis v. G.E. Modular Space, 155 S.W.3d 877 (Tenn. 2005). In holding that section 20-1-119 does not apply in workers' compensation cases, however, we did not reach this issue in that case. Id. at 879.

addition to the statute of limitations applicable to the plaintiff's claim. Under the Millses' interpretation of the statute, a defendant triggers a new ninety-day period for amending a complaint by alleging fault against a nonparty, so long as that defendant has itself been "timely sued," *either* within the statute of limitations applicable to the plaintiff's cause of action *or* within the ninety-day period. According to the Millses, a plaintiff's opportunity to add nonparties against which comparative fault has been alleged in a responsive pleading is never cut off, no matter how long the litigation continues.

We conclude that the Millses' arguments are inconsistent with the natural and ordinary meaning of the phrase "applicable statute of limitations" read in the context in which it appears and in light of the statute's general purpose. See Lee Med., Inc., 312 S.W.3d at 526. By its own terms, section 20-1-119 permits "a plaintiff a limited time within which to amend a complaint to add as a defendant any person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action *against the added defendant* has expired." Owens, 915 S.W.2d at 427 (emphasis added). The statutory limitation, however, is that the defendant naming the new tortfeasor must be one "named in an original complaint initiating a suit *filed within the applicable statute of limitations*, or named in an amended complaint *filed within the applicable statute of limitations* . . . ." Tenn. Code Ann. § 20-1-119(a) (emphasis added). In our view, the phrase "applicable statute of limitations" refers exclusively to the statute of limitations for a plaintiff's cause of action. Thus, the ninety-day period provided in section 20-1-119 is available to a plaintiff only when a defendant sued within the statute of limitations applicable to the plaintiff's underlying cause of action "alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery . . . ."[8] Tenn. Code Ann. § 20-1-119(a).

Indeed, construing the phrase to include the ninety-day period would be clearly inconsistent with its usage in the second clause of subsection (a)—"if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . ." Tenn. Code Ann. § 20-1-119(a). Since the ninety-day period never becomes relevant until a responsive pleading alleging fault against a nonparty is filed, the "applicable statute of limitations" relevant to "an original complaint initiating a suit" will never include the ninety-day period. In the absence of statutory language indicating that the definition of the phrase

---

[8] For example, in this case, the ninety-day period was available to the Millses when The Royal Group named Aaron Rents as a comparative tortfeasor because The Royal Group was sued within the one-year statute of limitations, and the Millses filed an amended complaint within the ninety-day period adding Aaron Rents as a defendant.

differs from one sentence, or subsection, to the next, we decline to assign inconsistent definitions to the same phrase.

We further note that, by its own terms, subsection (a) plainly distinguishes the ninety-day period from the phrase "applicable statute of limitations." See Tenn. Code Ann. § 20-1-119(a) ("[I]f the plaintiff's cause or causes of action against that person would be barred by any *applicable statute of limitations* but for the operation of *this section*, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging the person's fault . . . .").

Additionally, courts have consistently characterized "applicable statute of limitations" to mean the statute of limitations applicable to a plaintiff's claim.[9] In contrast, courts have characterized the ninety-day period, not as a statute of limitations, but as a "window,"[10] as a "saving[] statute,"[11] as a "tolling [] statute,"[12] as an "extension,"[13] as a "suspension,"[14] and as a "grace period."[15] In fact, except for the intermediate court in this case, section 20-1-119 has been characterized as a "statute of limitations" in just one previous opinion. Graves v. Grady's, Inc., 906 S.W.2d 463, 466 (Tenn. Ct. App. 1995) ("The facts in this case fall within the ambit of the special statute of limitations provided in T.C.A. § 20-1-119, since this statute was enacted and effective prior to the running of the statute of limitations as to these defendants."). Even Graves, however, distinguished between the ninety-day period provided

---

[9] See, e.g., Crowley v. Thomas, 343 S.W.3d 32, 34-35 (Tenn. 2011) ("The saving statute permits a plaintiff who commenced an action within the applicable statute of limitations to non-suit the cause of action and refile it in the trial court within one year of the order of dismissal."); Abels v. Genie Indus., 202 S.W.3d 99, 106 (Tenn. 2006) ("So long as the applicable statute of limitations is tolled due to a plaintiff's disability . . . the "discovery rule" is inapposite.").

[10] See, e.g., Fortner v. Burrell, No. 2:10-CV-119, 2011 WL 240803, at *2 (E.D. Tenn. Jan. 24, 2011); Jones, 193 S.W.3d at 573.

[11] See, e.g., Schultz v. Davis, 495 F.3d 289, 293 (6th Cir. 2007); Williams v. Corr. Corp. of Am., No. 3:10-CV-0587, 2011 WL 795012, at *3 (M.D. Tenn. Mar. 1, 2011).

[12] See, e.g., Whittlesey v. Cole, 142 F.3d 340, 344 (6th Cir. 1998); McCullough v. Johnson City Emergency Physicians, P.C., 106 S.W.3d 36, 46 (Tenn. Ct. App. 2002).

[13] See, e.g., Austin, 222 S.W.3d at 355; Boone v. Morris, No. M2002-03065-COA-R3-CV, 2004 WL 2254012, at *1 (Tenn. Ct. App. Oct. 6, 2004).

[14] Young v. Toys R Us, Inc., 987 F. Supp. 1035, 1036 (E.D. Tenn. 1997).

[15] See, e.g., Bumgardner v. Vonk, 995 F. Supp. 815, 816 (E.D. Tenn. 1998); Romine v. Fernandez, 124 S.W.3d 599, 603 (Tenn. Ct. App. 2003).

in section 20-1-119 and "the statute of limitations" applicable to a plaintiff's cause of action. Id.

Commentators also have described section 20-1-119 as a "grace period," rather than a statute of limitations. 17 John A. Day et al., Tenn. Practice: Tennessee Law of Comparative Fault § 5.5 (2011). Furthermore, these same commentators have emphasized that "the 90-day grace period . . . does not apply to allegations of fault against nonparties made by a defendant who was not sued within the original statute of limitations applicable to the claim." Id. To exemplify this point, the authors posited a hypothetical involving facts essentially identical to this appeal:

> To use an example, assume that Plaintiff sues Defendant 1 within the statute of limitations, Defendant 1 blames a nonparty, and Plaintiff timely adds the nonparty (now Defendant 2) as a party defendant after the statute of limitations has expired but utilizing the 90-day grace period of T.C.A. § 20-1-119. Later, Defendant 2 blames another nonparty. Plaintiff is prohibited from utilizing T.C.A. § 20-1-119 to add that nonparty to the action. Why? Because T.C.A. § 20-1-119 says that the defendant alleging comparative fault against the nonparty must have been sued within the statute of limitations.

Id.

We agree with these courts and commentators that section 20-1-119 is not a statute of limitations. It follows that the phrase "applicable statute of limitations" used in the body of the statute does not refer to the ninety-day period, but refers only to the statute of limitations applicable to the plaintiff's cause of action. Where the words of a statute are clear, we will not look beyond them. See Lee Med., Inc., 312 S.W.3d at 527; Green, 293 S.W.3d at 507. Therefore we hold that section 20-1-119 provides a ninety-day window in which a plaintiff may name a new nonparty as a defendant only if the defendant alleging comparative fault against the new nonparty was sued within the statute of limitations applicable to the plaintiff's cause of action.

## Conclusion

Because we hold that "applicable statute of limitations" does not include the ninety-day period and that Tennessee Code Annotated section 20-1-119 does not afford successive ninety-day windows during which a plaintiff may file an amended complaint naming a nonparty defendant as a comparative tort-feasor, we reverse the Court of Appeals and reinstate the judgment of the trial court granting Fulmarque's motion for summary judgment

and dismissing this lawsuit.  Costs of this appeal are taxed to the Millses, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, CHIEF JUSTICE