IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2022

## FIRST BANK F/D/B/A NORTHWEST GEORGIA BANK v. MOUNTAIN APARTMENTS, LLC, ET AL.

Appeal from the Circuit Court for Hamilton County
No.   16C1341    John B. Bennett, Judge

_____

### No. E2021-01433-COA-R3-CV

_____

The plaintiff bank appeals the trial court's summary dismissal of its breach of contract action against the defendants pursuant to the law in Georgia.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and CARMA DENNIS MCGEE, J., joined.

Walter N. Winchester and Ryen M. Lamb, Knoxville, Tennessee, for the appellant, First Bank f/d/b/a Northwest Georgia Bank.

Christopher T. Varner, Chattanooga, Tennessee, for the appellees, Suresh and Anita Anandani.

## OPINION

## I. BACKGROUND

On February 28, 2008, Mountain Apartments, LLC, a registered company in Tennessee, executed a promissory note to secure a loan in excess of 3 million dollars with First Bank f/d/b/a Northwest Georgia Bank ("the Plaintiff").  As pertinent to this appeal, the note was further secured by personal guaranties signed by Suresh and Anita Anandani (collectively "the Defendants").  The loan documents and the guaranties contained a choice

of law provision providing that the terms of the agreements would be governed by Georgia law.  Defendants last remitted payment in December 2011.

Plaintiff filed this action on November 18, 2016, alleging, inter alia, breach of contract.  However, Plaintiff did not properly issue service of process to Defendant Anita until April 29, 2019.  Defendant Suresh was served on August 29, 2019.  Defendants filed motions to dismiss and for summary judgment, asserting that the claim was barred by the applicable statute of limitations for failure to timely execute service of process pursuant to the Tennessee Rules of Civil Procedure.[1]  Rule 3 provides as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court.  An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved.  If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

The statute of limitations in this action expired in December 2017.  *See* Tennessee Code Annotated section 28-3-109(a)(3) (providing that causes of actions based upon contract must be commenced within six years after the cause of action accrued).  Service was not complete in this case within one year of the filing of the complaint to toll the statute of limitations, thereby making the complaint for breach of contract untimely filed.

The parties agreed that Plaintiff failed to timely complete service of process on the Defendants pursuant to Rule 3.  However, Plaintiff argued that Defendants waived their right to assert the statute of limitations as a defense to their liability on the note based upon their execution of the personal guaranties, which provided, in pertinent part, as follows: "Guarantor hereby waives. . . any and all defenses to payment as permitted by law."

The parties further agreed that if the language in the guaranties did not operate to waive the applicable statute of limitations, then the claim was time-barred pursuant to the six-year statute of limitations set forth in Section 28-3-109(a)(3).  Accordingly, the sole issue before the trial court was whether the waiver language found in the personal guaranties barred the action under Georgia law.

---

[1] While Georgia law governs the interpretation of the agreement, Tennessee law governs procedural matters, including service of process and the statute of limitations.  *See generally Charles Hampton's A–1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 487 (Tenn. Ct. App. 2006).

Following extensive briefing and hearings on the issue, the court found that the language in the guaranties waiving "any and all defenses as permitted by law" was ambiguous and should be strictly construed. The trial court further found that, under Georgia law, "modifications to statutes of limitation [must] be express in order for the same to be evaluated for purposes of determining if the modification to the statute of limitation is unreasonable or unconscionable." Finding no such express waiver, the court held that the action was time-barred based upon the failure to complete service of process in accordance with Rule 3. The trial court dismissed the action as untimely filed and certified the judgment as final. This timely appeal followed.

## II. ISSUE

The sole dispositive issue on appeal is as follows: Whether the trial court erred in dismissing the action based upon its finding that the guaranties did not operate as a waiver of the statute of limitations.

## III. STANDARD OF REVIEW

We review the trial court's factual findings de novo upon the record, affording them a presumption of correctness unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review questions of law de novo, affording the trial court's decision no presumption of correctness. *Armbrister*, 414 S.W.3d at 692 (citing *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012)). The interpretation of a written agreement is a question of law and the standard of review is de novo with no presumption of correctness. *Bratton v. Bratton*, 136 S.W.3d 595, 601 (Tenn. 2004); *Mark VII Transp. Co. v. Responsive Trucking, Inc.*, 339 S.W.3d 643, 647 (Tenn. Ct. App. 2009).

## IV. DISCUSSION

Plaintiff argues that the court's interpretation of the written agreement and its application of Georgia law is flawed. Plaintiff asserts that Georgia law does not require an express waiver of enumerated defenses. Rather, the contract must merely be clear and unambiguous in its meaning like the waiver presented here. Defendants respond that the court's ruling was in keeping with Georgia's suretyship law. Defendants continue that the statute of limitations is not a defense to payment as suggested by Plaintiff but that it is a procedural defense that bars the Plaintiff's recovery. Defendants alternatively assert that the waiver itself is ambiguous and overbroad, inviting the court to determine what is and is not permitted by law and permitting more than one reasonable interpretation.

"The cardinal rule of contract construction is to ascertain the intention of the parties. ... When the terms of a contract are clear and unambiguous, the reviewing court looks only to the contract itself to determine the parties' intent." *Langley v. MP Spring Lake, LLC*, 834 S.E.2d 800, 804 (Ga. 2019) (internal quotations and citations omitted). "[W]here there is ambiguity, the agreement will be construed against the drafter and in favor of the non-drafter." *Id.* (citation omitted).

Plaintiff has provided a number of cases for our review in which defendants expressly waived the statute of limitations as a bar to recovery in Georgia. However, Plaintiff has not presented a case in which the trial court applied a broad waiver of "all defenses" to the statute of limitations. Plaintiff conceded before the trial court that one was not readily available. We, like the trial court, find Georgia's suretyship law instructive, specifically, the Official Code of Georgia Annotated section 10-7-3, which provides as follows:

> The contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation.

In consideration of the foregoing, we likewise agree with the trial court that a modification to the statute of limitations must be express and not by implication or interpretation. Such a waiver has not been presented here. Accordingly, we affirm the trial court's dismissal of the action as untimely pursuant to the applicable statute of limitations.

## V.  CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, First Bank f/d/b/a Northwest Georgia Bank.

_____
JOHN W. MCCLARTY, JUDGE

- 4 -