IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 6, 2012

IN RE: CONSERVATORSHIP OF LEAH ANGELIQUE THOMAS

CATHEY J. TILLMAN, Conservator v.
RONALD MARVELL THOMAS

Direct Appeal from the Probate Court for Shelby County
No. D-11069      Karen D. Webster, Judge

No. W2012-00349-COA-R3-CV - Filed October 3, 2012

The probate court appointed a conservator for a disabled young adult. The court awarded attorney's fees to the petitioner who was appointed as conservator, and to the guardian ad litem, to be paid from the estate of the disabled ward. The court also ordered that another party, who originally sought to be appointed as conservator but withdrew his petition before the hearing, would likewise receive an award of attorney's fees to be paid from the estate of the ward. The conservator appeals, arguing that the probate court lacked the authority to make such an award to the party who withdrew his petition. We agree, and therefore, we reverse the award of attorney's fees and remand for further proceedings.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Reversed
and Remanded

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Christina M. Burdette, Germantown, Tennessee, for the appellant, Cathey J. Tillman, Conservator

Audrey J. Grossman, Memphis, Tennessee, for the appellee, Ronald Marvell Thomas

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Leah Angelique Thomas ("Leah") was born with Down's Syndrome. Her parents divorced when she was six years old, and Leah's mother was awarded sole custody of her. In January 2011, when Leah was 24 years old, her mother died. Shortly thereafter, Leah's mother's sister, Cathey J. Tillman ("Aunt"), filed a "Petition for Appointment of Conservator," alleging that Leah was incapable of managing her own affairs and in need of a conservator of her person and property. The petition stated that Leah was currently residing with Aunt, and Aunt sought to be appointed as conservator of the person and property of Leah.

Leah's father, Ronald Marvell Thomas ("Father"), filed an answer and counter-petition in which he admitted that Leah was incapable of managing her own affairs and in need of a conservator. However, Father sought a joint appointment of himself and Aunt as co-conservators of Leah's person, and he sought to be named the sole conservator of Leah's property.

A guardian ad litem was appointed, and he submitted recommendations to the court. After several continuances, the matter was finally heard on June 2, 2011. Father did not appear at the proceeding, and his attorney announced at the beginning of the hearing that Father was voluntarily withdrawing his counter-petition. The hearing proceeded on Aunt's petition. Following the hearing, the trial court concluded that Leah was a disabled person requiring supervision and in need of a conservator. The trial court appointed Aunt as conservator of Leah's person and property. The trial court's order provided that Aunt "shall maintain open communication with [Father], concerning [Leah's] health, welfare, education and placement" by communicating with Father in writing on at least a monthly basis.

Regarding the costs of the proceedings, the order provided that all fees and court costs would be paid from Leah's assets. The trial court set the amount of Aunt's attorney's fee at $8,000 and the amount of the guardian ad litem's fee at $10,000. The order further provided that the court would consider setting an attorney's fee for Father's attorney, to also be paid from Leah's assets, upon presentation to the court of a fee affidavit "and legal authority supporting such fee."

Father then filed a petition for attorney fees seeking an award of $13,268.50. He argued that the trial court was authorized to award him attorney's fees because Tennessee

-2-

Code Annotated section 34-1-114 provides that "[i]f a fiduciary [such as a conservator][1] is appointed, the costs of the proceedings, which are the court costs, the guardian ad litem fee, the required medical examination costs and the attorney's fee for the petitioner, shall be charged against the property of the respondent[.]" Father pointed out that "a fiduciary" was appointed in this case, and that he was a "petitioner." Father went on to argue that "the test for determining whether attorney's fees should be borne by the estate of the ward is 'not whether relief was obtained, but whether the expenses are reasonable, incurred in good faith on the ward's behalf, and intended to benefit or protect the ward.'" (quoting *Shipe v. Shipe*, No. E2003-01647-COA-R3-CV, 2004 WL 1669909, at *3 (Tenn. Ct. App. July 27, 2004)). Father claimed that his attorney's efforts in this matter benefitted Leah by ensuring that Aunt would communicate with him and keep him advised of Leah's health, schedule, education, and well-being.

Aunt filed a response to Father's petition for attorney's fees, in her role as conservator for Leah, arguing that there was no statutory authority for an award of Father's attorney's fees from Leah's assets.

Following a hearing, the trial court entered an order providing that $6,000 of Father's attorney's fees would be paid from Leah's assets. The trial court found that "the applicable statute," Tenn. Code Ann. § 34-1-114, authorized the payment of "a Petitioner's fees" if "a fiduciary" is appointed. The court pointed out that Father's petition was not denied, but rather, "withdrawn voluntarily on the date of the hearing in order to avoid the time and expense associated with what [Father] believed would be a lengthy contested hearing[.]"[2] The court also noted that Father's counter-petition "did result in a benefit to [Leah] in that, among other things, as a result of [Father's] petition, the Court took the time and effort to fashion a resolution designed to encourage and facilitate [his] continued involvement and open communication between [Aunt], as Conservator, and [Father]." The trial court concluded by stating that it was "proper under the applicable law and given the particular facts of this case" to charge a portion of Father's attorney's fees against Leah's property. Aunt, acting as conservator for Leah, timely filed a notice of appeal.

---

[1] For purposes of this chapter of the Tennessee Code, "fiduciary" means "a guardian, coguardian, conservator or coconservator." Tenn. Code Ann. § 34-1-101(8).

[2] Father's attorney had submitted an affidavit stating that when Father learned that the contested hearing would likely take several days over the course of several months' time, Father advised his attorney that he could not afford to incur additional attorney's fees.

## II.   ISSUE PRESENTED

On appeal, the parties dispute whether the trial court had the authority to order that Father's attorney's fees be paid from Leah's estate.  For the following reasons, we reverse the award of attorney's fees to Father and remand for further proceedings.

## III.   STANDARD OF REVIEW

Construing a statute and applying the statute to the facts of a particular case are questions of law which are reviewed de novo without a presumption of correctness.  *In re Estate of Trigg*, 368 S.W.3d 483, 489-90 (Tenn. 2012).  "The allowance of attorney's fees is largely in the discretion of the trial court, and the appellate court will not interfere except upon a clear showing of abuse of that discretion."  *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005).

## IV.   DISCUSSION

"In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise."  *Taylor*, 158 S.W.3d at 359 (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)).  Tennessee Code Annotated section 34-1-114 "alters the American Rule in an action to establish a conservatorship."  *In re Conservatorship of Lindsey*, No. W2011-00196-COA-R3-CV, 2011 WL 4120664, at *6 (Tenn. Ct. App. Sept. 16, 2011).  The statute provides, in relevant part:

> *If a fiduciary is appointed*, the costs of the proceedings, which are the court costs, the guardian ad litem fee, the required medical examination costs and *the attorney's fee for the petitioner*, shall be charged against the property of the respondent . . . .  If no fiduciary is appointed, the costs of the proceedings shall be charged against the petitioner.

Tenn. Code Ann. § 34-1-114(a) (emphasis added).  The parties disagree as to whether this statute authorizes an award of attorney's fees to Father under the facts of this case, where he filed a counter-petition seeking to be appointed conservator, but withdrew his counter-petition prior to the hearing at which Aunt was appointed conservator.

With regard to statutory construction, our Supreme Court has explained:

> When we are called upon to construe statutes, we must first ascertain their purpose and then we must give this purpose the fullest possible effect without

> expanding the application of the statute beyond its intended scope. *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009); *Walker v. Sunrise Pontiac–GMC Truck, Inc.*, 249 S.W.3d 301, 309 (Tenn. 2008). The text of the statute is of primary importance to this endeavor. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). We must (1) give these words their natural and ordinary meaning, (2) consider them in the context of the entire statute, and (3) presume that the General Assembly intended to give each of these words its full effect. *Knox Cnty. ex rel. Envtl. Termite & Pest Control, Inc. v. Arrow Exterminators, Inc.*, 350 S.W.3d 511, 524 (Tenn. 2011).

***In re Estate of Trigg***, 368 S.W.3d at 490. This Court has stated that Tennessee Code Annotated section 34-1-114 reflects a "legislative intent to strictly circumscribe the court's discretion to award attorney's fees in a petition to establish a fiduciary." ***In re Conservatorship of Lindsey***, 2011 WL 4120664, at *5. As such, it "is to be strictly limited to the parameters enunciated by the legislature." ***Id.*** at *6. "The statute is unambiguous with respect to the parameters under which the American Rule regarding attorney's fees may be set aside in a proceeding to establish a conservator." ***Id.*** at *5.

Again, the statute provides that "[i]f a fiduciary is appointed, . . . the attorney's fee for the petitioner, shall be charged against the property of the respondent[.]" Tenn. Code Ann. § 34-1-114(a). In practice, Tennessee's appellate courts have applied this statute in a number of situations, involving requests for attorney's fees by parties who have played varying roles in proceedings to establish a conservatorship. For instance, we have held that a petitioner who was appointed as a "temporary conservator" was entitled to recover his attorney's fees from the respondent despite the "temporary" designation of the appointment, because a "fiduciary" was appointed. ***In re Conservatorship of Tate***, No. M2010-01904-COA-R3-CV, 2011 WL 6935342, at *10 (Tenn. Ct. App. Dec. 29, 2011). On the other hand, we have held in numerous instances that the statute did *not* support awards of attorney's fees to other parties. For example, we have found that a probate court had no discretion to award attorney's fees to a petitioner where the respondent died during the proceedings and consequently no fiduciary was appointed. ***In re Conservatorship of Lindsey***, 2011 WL 4120664, at *4.

In another case, a daughter petitioned to have a conservator appointed for her father, and the father's wife participated in the litigation as well. ***Aldridge v. Aldridge***, No. W2006-02334-COA-R3-CV, 2007 WL 4170826, at *1 (Tenn. Ct. App. Nov. 27, 2007). The wife claimed that "it was necessary for the spouse of the ward to have legal counsel to protect her interest on numerous issues related to and arising from this conservatorship," such as "the disposition of marital property, debts on which she was jointly liable with the Ward, and issues pertaining to her spousal support." ***Id.*** at *4. The court appointed a conservator and

ordered the conservator to pay the wife monthly spousal support out of the father's estate.[3] *Id.* at *1. The wife also sought an award of her attorney's fees. *Id.* This Court concluded that the probate court had no statutory authority to award the wife her attorney's fees, because Tennessee Code Annotated section 34-1-114 governs the award of attorney's fees in proceedings to establish a conservatorship, and the wife did not qualify as "one of the listed parties eligible for an award of attorney's fees." *Id.* at *5. We pointed out that section 34-1-114 only authorizes an award of attorney's fees to "the petitioner" and to the guardian ad litem, and another related statute authorizes an award to an attorney ad litem. *Id.* (citing Tenn. Code Ann. § 34-1-125(b) (Supp. 2006)). Because "[w]e must presume that the legislature 'meant what it said' when it listed three parties as eligible for an award of attorney's fees," we concluded that the statute did not authorize an award of attorney's fees to a non-petitioner spouse of a disabled individual. *Id.* at *6.

Although we have not encountered a case with facts similar to the case before us, considering the plain meaning of the statutory text, in addition to principles enunciated in the aforementioned cases, we conclude that Tennessee Code Annotated section 34-1-114 does not authorize an award of Father's attorney's fees from Leah's assets. It is true that "a fiduciary" was appointed in this case. However, Father was not "the petitioner" who achieved that end. The statute provides that if a fiduciary is appointed, "the attorney's fee for *the* petitioner, shall be charged against the property of the respondent." Tenn. Code Ann. § 34-1-114(a) (emphasis added). It does not state that "any" petitioner may recover his attorney's fees. Strictly speaking, Father was not even "a petitioner" by the time a conservator was appointed. Father voluntarily withdrew his petition prior to the hearing. He was not successful in achieving the relief he sought in his petition, i.e., being named conservator of Leah's property or co-conservator of her person. Tennessee Code Annotated section 34-1-114 "clearly contemplates that a party whose petition to be named as Conservator is *denied* must bear . . . the petitioner's own attorney fees." *In re Conservatorship of Childs*, No. M2008-02481-COA-R3-CV, 2011 WL 51740, at *7 (Tenn. Ct. App. Jan. 5, 2011) (emphasis added). We likewise conclude that a petitioner who seeks to be appointed conservator but withdraws his petition without being appointed must bear his own attorney's fees as well. It has been said that section 34-1-114 reflects a "legislative intent to strictly circumscribe the court's discretion to award attorney's fees in a petition to establish a fiduciary," and that the statute should be "strictly limited to the parameters enunciated by the legislature." *In re Conservatorship of Lindsey*, 2011 WL 4120664, at *5. It would not further the legislative intent to construe the phrase "the petitioner" to refer to

---

[3] "The appointment of a conservator for a disabled person does not automatically terminate the duty of the disabled person to support such disabled person's spouse or dependent minor children. The court having jurisdiction over the disabled person may establish the amount of financial support to which the spouse or dependent minor children are entitled." Tenn. Code Ann. § 34-3-109.

Father in this case.

As noted above, Father argues that he should receive an award of attorney's fees because his attorney's efforts "benefitted" Leah because the trial court ordered the conservator to communicate with Father in writing on a monthly basis regarding Leah's well-being. However, contrary to Father's assertion, this is not "the test" for whether he should be awarded attorney's fees. The *Shipe* case cited by Father addressed whether two parties *who were already serving as conservator* in some capacity could recoup attorney's fees they had incurred pursuant to Tennessee Code Annotated section 34-1-*113*, not -114, the section at issue here. 2004 WL 1669909, at *3. Section -113 addresses the payment of attorney's fees for a fiduciary, and Father was not a fiduciary. *See* Tenn. Code Ann. § 34-1-113(a) ("*The fiduciary* is entitled to pay from the property of the minor or disabled person the costs of . . . attorney fees . . . for which the minor or disabled person is obligated and such other expenses as the court determines are necessary *for the fiduciary*.") (emphasis added). As we have already explained, section 34-1-114 governs the award of attorney's fees in proceedings to have a conservator appointed, *see* **Aldridge**, 2007 WL 4170826, at *5; **In re Conservatorship of Lindsey**, 2011 WL 4120664, at *6, and, under section -114, Father is not entitled to recoup his attorney's fees. We will not circumvent the legislative intent expressed in section 34-1-114 by expanding the application of section -113 beyond its intended scope.

We also note that Father argued on appeal that the trial court had discretion to award him his attorney's fees because Tennessee Code Annotated section 34-1-121 provides, in relevant part:

> (a) The court has broad discretion to require additional actions not specified in this chapter, and chapters 2 and 3 of this title as the court deems in the best interests of the minor or disabled person and the minor's or disabled person's property. The court also has discretion to waive requirements specified in this chapter, and chapters 2 and 3 of this title if the court finds it is in the best interests of the minor or disabled person to waive such requirements, particularly in those instances where strict compliance would be too costly or place an undue burden on the fiduciary or the minor or the disabled person.

We need not decide whether a trial court can utilize this statute to award attorney's fees to a party other than those specified in section 34-1-114, because there is no indication that the trial court did so in this case. Father did not cite this statute in the proceedings below, and the trial court did not mention it either. The trial court specifically referred to section 34-1-114 as "the applicable statute" but interpreted it as authorizing the payment of "*a* Petitioner's fees" if "a fiduciary" is appointed. The court made no finding that it was in the best interest of Leah and her property for Father to receive an award of his attorney's fees from Leah's

property.  As such, we find no basis for upholding the attorney's fee award under this statute.

## V.  CONCLUSION

For the aforementioned reasons, we reverse the probate court's award of attorney's fees to Father and remand for further proceedings as may be necessary.  Costs of this appeal are taxed to the appellee, Ronald Marvell Thomas, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.