IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2016 Session

## IN RE ESTATE OF MARIE ANDERSON YOUNG

**Appeal from the Chancery Court for Haywood County**
**No. 2014PR40     George R. Ellis, Chancellor**

_____

**No. W2015-01753-COA-R3-CV – Filed January 29, 2016**
_____

The trial court denied a personal representative's fee request after concluding that the request did not comply with a local rule setting a personal representative's fee as a percentage of the value of the estate. We reverse and remand for the trial court to reconsider Appellant's fee request "in light of all the relevant circumstances." *In re Estate of Schorn*, No. E2013-02245-COA-R3-CV, 2015 WL 1778292, at *8 (Tenn. Ct. App. Apr. 17, 2015).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

James Sampson Wilder, III, Dyersburg, Tennessee, for the appellant, Cathy Mumford Shelton.

## OPINION

### Background

On October 14, 2014, Appellant Cathy Mumford Shelton ("Appellant"), the Executrix of the Estate of Marie Anderson Young, filed a petition to probate the will of the decedent. The decedent had bequeathed small sums of money and property to numerous beneficiaries, who were spread widely. As such, Appellant was allegedly required to expend considerable

time locating those beneficiaries, as she was not related to the decedent and did not know the beneficiaries' whereabouts.

According to the petition, the gross estate contained $2,461.22 in cash. The bulk of the estate, however, consisted of jewelry owned by the decedent. According to the petition to probate the will, Appellant previously obtained an appraisal of the jewelry, which valued it at approximately $10,401.00. Accordingly, Appellant's petition to probate the will requested permission to sell the jewelry and to be reimbursed for the appraisal. On November 25, 2014, the trial court entered an order admitting the decedent's will to probate, appointing Appellant as Executrix of the estate, and allowing Appellant to sell the jewelry "in any manner she sees fit in order to receive the highest and best price for said property." Finally, the trial court ordered that Appellant be reimbursed $387.50 for the appraisal of the jewelry. After a second appraisal was conducted, Appellant ultimately sold the jewelry at auction for less than one-half of its initial appraised value, realizing net proceeds of $2,384.00. The proceeds from the jewelry sale were deposited into the estate account along with the cash remaining from decedent's gross estate. After paying the necessary expenses of the estate, only $3,881.22 remained in the estate account.

On February 26, 2015, the Bureau of TennCare ("TennCare") filed a claim in the estate in the amount of $215,840.32. As a result of the claim filed by TennCare, the named beneficiaries were to receive nothing.

Appellant subsequently filed an affidavit and motion setting out the amount of time she expended in administering the estate and asking that she be awarded a fee for her services. Appellant detailed that she expended forty-seven hours on administration of the estate, and requested that she be paid at a rate of $80.00 per hour, or a total of $3,760.00 with $286.52 in expenses.

The trial court denied Appellant's requested fee, however, as the fee requested did not comply with Local Rule 19:00(H) of the Rules of the Chancery Court, Twenty-Eighth Judicial District of Tennessee, which provides that the court "shall consider the following guidelines" in setting the fee of the personal representative, specifically, capping the fee at 5% for the first $20,000.00 in the estate. Under this metric, Appellant was only entitled to a fee of $242.25 (considering the gross estate). The trial court did not award any fee to Appellant. Appellant appealed.

## Issues Presented

Appellant raises three issues on appeal, which are taken, and slightly restated, from her appellate brief:

1.      Whether Local Rule 19:00(H) of the Rules of the Chancery Court, Twenty-Eight Judicial District of Tennessee conflicts with Tennessee Code Annotated Section 30-2-606 when it sets a percentage rate schedule to be used for the setting of a personal representative's fee with no consideration as to what is a reasonable fee based upon the facts and circumstances of the estate, and should be stricken.

2.      Whether the percentage rate schedule, contained in Local Rule 19:00(H) may be used solely to set the fee of a personal representative, or should the percentage rate schedule be merely used as a guide, which may be considered by the court, along with the facts and circumstances of the estate when the court sets the fee of a personal representative, and therefore, does the probate court have discretion to set a reasonable fee for a personal representative in an amount other than that which would be calculated solely by the percentage rate schedule included in Local Rule 19:00(H), pursuant to Tennessee Code Annotated Section 30-2-606.

3.      Whether the probate court erred, and abused its discretion, in straying beyond the applicable legal standard by failing to take into consideration the facts and circumstances of the estate, when the court denied the fee petition of the Appellant for the reason that her fee petition did not meet the percentage rate schedule contained in Local Rule 19:00(H).

Although TennCare is ostensibly a party to this case, it has chosen not to participate in this appeal.[1] Accordingly, we consider this appeal only on the brief of Appellant, oral argument, and the record.

## Discussion

This case involves a fee request made by the personal representative to an estate. The determination of a fee to be awarded to a personal representative is reviewed under the abuse of discretion standard. *In re Estate of Schorn*, No. E2013-02245-COA-R3-CV, 2015 WL 1778292, at *8 (Tenn. Ct. App. Apr. 17, 2015) (citing *In re Estate of Wallace*, 829 S.W.2d 696, 701 (Tenn. Ct. App. 1992)). Discretionary decisions must take the applicable law and the relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996); *Young v. Hartley*, 152 S.W.3d 490, 500 (Tenn. Ct. App. 2004). Appellate courts will conclude that a trial court abused its discretion only when the trial court applies an incorrect legal standard,

---

[1] At oral argument, Appellant asserted that TennCare has "withdrawn" its claim to the estate and does not intend to pursue its claim further. This alleged fact, however, is not contained in the record.

reaches an illogical decision, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. ***Mercer v. Vanderbilt Univ.***, 134 S.W.3d 121, 131 (Tenn. 2004); ***Perry v. Perry***, 114 S.W.3d 465, 467 (Tenn. 2003).

Here, Appellant argues that the trial court employed an incorrect legal standard in denying her fee request solely on the basis that the requested fee did not comply with Local Rule 19:00(H) of the Rules of the Chancery Court, Twenty-Eighth Judicial District of Tennessee. The interpretation of statutes, procedural rules, and local rules involve questions of law which appellate courts review de novo without a presumption of correctness. ***Lind v. Beaman Dodge, Inc.***, 356 S.W.3d 889, 895 (Tenn. 2011); ***Gleaves v. Checker Cab Transit Corp.***, 15 S.W.3d 799, 802 (Tenn. 2000). In reaching our interpretation of a statute or rule, we look first to the plain language of the enactments, giving the words their ordinary and plain meaning. *See generally* ***Mills v. Fulmarque***, 360 S.W.3d 362, 368 (Tenn. 2012).

The Tennessee General Assembly has expressly provided that judicial districts may promulgate local rules governing legal proceedings in the district. Tennessee Code Annotated Section 16-2-511 provides:

> Uniform rules of practice may be promulgated in each district by the judges of the district. The rules shall be consistent with the statutory law, the rules of the supreme court and the rules of criminal and civil procedure. The judges within a district may, by rule, designate courts or parts of a court that will be primarily responsible for hearing certain types of cases or cases dealing with certain areas of the law. Not less than thirty (30) days prior to the rules taking effect, copies of the rules shall be published and circulated to the practicing bar and filed with the administrative director of the courts.

Rule 18 of the Rules of the Tennessee Supreme Court further provides in part:

> Each judicial district may also adopt other uniform rules not inconsistent with the statutory law, the Rules of the Supreme Court, the Rules of Appellate Procedure, the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Juvenile Procedure, and the Rules of Evidence. Prior to the adoption or amendment of local rules of court, the judges of the judicial district shall solicit and consider input from members of the public and attorneys concerning the proposed rules or amendments. A judicial district may adopt uniform local rules

- 4 -

that apply only to the circuit, chancery, criminal, or similar trial court divisions within the district.

Tenn. R. Sup. Ct. 18(a). Thus, local rules must not conflict with Tennessee Supreme Court rules, other rules, or statutory law. *Id.*

Accordingly, we begin with the local rule at issue in this case, Local Rule 19:00(H) of the Rules of the Chancery Court for the Twenty-Eight Judicial District of Tennessee. Local Rule 19:00(H) provides, in relevant part:

> The Court will set the fees of personal representatives and attorneys of decedent's estate upon written sworn petition filed by the personal representative.
> The personal representative may be allowed all necessary expenses in the care, management and preservation of the estate, and may be allowed compensation, as hereinafter provided, for services rendered, unless the decedent, by will, makes other provisions for compensation of the personal representative, and unless the personal representative renounces or disclaims any and all interest in the compensation specified in the will by filing a written instrument.
> * * *
> In setting all fees the Court may consider: any extraordinary services, such as sales or mortgages of real or personal property, will contest or other such litigation; lengthy, contested or litigated claims against the estate; tax returns or audits by any federal or state agencies; the managing or selling of the decedent's business; or special services as may be necessary for the personal representative to prosecute, defend or perform.
> The Court, in fixing the fees or compensation to personal representatives when no compensation is provided by will, shall consider the following guidelines based on the value of the gross estate, including real estate to the extent services are rendered in connection with the real estate, plus any income earned during the administration of the estate.

| Value of Estate | Percentage as Fees |
|---|---|
| First $20,000 | 5% |
| Next $80,000 | 4% |
| Next $150,000 | 3% |
| Next $500,000 | 2% |

Over $750,000  1%

Here, the trial court expressly rejected Appellant's fee request because it did not comply with Local Rule 19:00(H) in that Appellant requested a fee greater than 5% of the value of the estate. From our review, it appears that in denying the fee request, the trial court interpreted Local Rule 19:00(H) as an absolute cap on the fee a personal representative may be paid from an estate.

Appellant argues, however, that such an interpretation is not only contrary to the plain language of the rule indicating that the percentage schedule is to be used as a "guideline[,]" but also in conflict with statutory law. To support this argument, Appellant cites Tennessee Code Annotated Section 30-2-606, which concerns the fee allowed for a personal representative. Tennessee Code Annotated Section 30-2-606 provides that: "The clerk shall charge every accounting party with all sums of money the accounting party has received, or might have received by using due and reasonable diligence, and shall credit the accounting party with a reasonable compensation for services, and with disbursements supported by lawful vouchers." Based upon this statute, this Court has explained:

> Generally, personal representatives are entitled to reasonable compensation for their services and to payment for reasonable expenses incurred in good faith for the necessary benefit of the estate. *In re Estate of Wallace*, 829 S.W.2d 696, 700–01 (Tenn. Ct. App. 1992); *see* Tenn. Code Ann. § 30-2-606. The determination of reasonableness is left, in the first instance, to the discretion of the trial court, which is to make that determination in light of all the relevant circumstances. *Id.* at 701. Reasonable compensation should be fixed with reference to the entire estate and services. *Loftis v. Loftis*, 28 S.W. 1091, 1093 (Tenn. 1895). Among the circumstances relevant to the reasonableness of fees and expenses to be charged against an estate are the extent of the personal responsibilities rendered, the promptness and adequacy of the services, and the value of the benefits conferred. *In re Estate of Wallace*, 829 S.W.2d at 701.

*In re Estate of Schorn*, 2015 WL 1778292 at *8. Thus, Tennessee Code Annotated Section 30-2-606 mandates that a personal representative's fee be determined on the basis of reasonableness, considering "**all** the relevant circumstances." *Id.* (emphasis added).

Local Rule 19.00(H)'s directive that a personal representative's fee be determined by the amount of the estate appears to conflict with the clear import of Tennessee Code Annotated Section 30-2-606. This Court addressed a similar conflict in *In re Estate of Thompson*, No. M2011-00411-COA-R3CV, 2012 WL 912859 (Tenn. Ct. App. Mar. 14,

2012), *perm. app. denied* (Tenn. Aug. 15, 2012), which concerned an apparent conflict between a local rule regarding the fee awarded to an attorney in an estate matter and the Rules of Professional Conduct governing attorneys.[2] *Id.* at *1.

In ***Thompson***, the attorney for an estate submitted a fee request to the trial court, ostensibly seeking an award of $50,000.00.[3] The trial court eventually awarded the attorney his requested fee.[4] *Id.* at *2. The appellant objected to the fee on the basis that it was not reasonable and was clearly excessive. *Id.* at *3. The trial court, however, upheld the fee award, and the appellant appealed. *Id.* at *4.

In considering the fee awarded by the trial court, the Court of Appeals first concluded that "the trial court's award was driven in large part by the percentage formula set forth in" Local Rule 33.04 of the Local Rules of Practice of the 22nd Judicial District ("Local Rule 33.04"). ***Thompson***, 2012 WL 912859, at *5. Local Rule 33.04 provides in relevant part:

> **Fees for Personal Representatives**. In setting or approving fees to personal representatives, the Clerk and Master or the court will consider the personal representative's time, experiences, skills, difficulty in dealing with creditors and beneficiaries of the estate, and the value of the gross probate estate for which the personal representative was responsible. The Court may consider any extraordinary services, including sales of real or personal property, litigation involving claims against the estate or other matters, complex tax returns or audits, the management of the decedent's business, will contests, or such other special services that may have been necessary. The Clerk and Master and the Court will be guided, but not bound, by a formula allowing not less than 1% nor more than 5% of the gross probate estate for which the personal representative was responsible. Time expended and the nature of the estate will be given greater consideration than the monetary value of the estate.

---

[2] Judge, now Justice, Holly M. Kirby delivered the Opinion of the Court in ***Thompson***. Judge Alan E. Highers filed a separate concurrence regarding the application of ***White v. McBride***, 937 S.W.2d 796 (Tenn. 1996), to the fee requested in the case. Judge J. Steven Stafford filed a separate concurrence concerning the lack of findings made by the trial court. Neither Judge Highers nor Judge Stafford took issue with the majority's analysis regarding the interplay between the local rule at issue and the requirement that the fee be reasonable, the issue addressed in this Opinion.

[3] The requested fee included the undisputed fee of a tax attorney that had been retained by the appellee-attorney in the amount of $10,784.50. Accordingly, the appellee-attorney requested a fee of $39,215.50 for his services.

[4] This sum was calculated by considering the trial court's gross award of $50,000.00, and subtracting the undisputed fee of the tax attorney of $10,784.50, which was to reduce the appellee-attorney's net fee.

The Court of Appeals noted, however, an apparent conflict between Local Rule 33.04 and Rule of Professional Conduct ("RPC") 1.5, contained in Rule 8 of the Rules of the Tennessee Supreme Court. According to the ***Thompson*** Court:

> RPC 1.5 lists numerous factors to be considered in determining the reasonableness of an attorney fee. Tenn. Sup.Ct. R. 8, RPC 1.5. The Court in ***Wright*** [***ex rel. Wright v. Wright***, 337 S.W.3d 166 (Tenn. 2011)], expressly rejected the use of percentage formulas, especially percentage caps to set an award of attorney fees. ***Wright***, 337 S.W.3d at 182. The Court explained that "specify [ing] a percentage of what an attorney could recover in a case involving a minor . . . would depart from our existing law that 'ultimately the reasonableness of the fee must depend on the particular circumstances of the individual case.'" ***Id.*** at 182 (quoting ***White***[***v. McBride***, 937 S.W.2d [796,] 800 [(Tenn.1996)]). It cautioned: "Prescribing a fee structure would tend to result in similar fees being awarded in cases with different factual and procedural histories." ***Wright***, 332 S.W.3d at 182. The Court rejected a formulaic approach based on any one of the listed factors, noting that "no single factor found within RPC 1.5 merits special emphasis over the other factors in determining a reasonable fee[,] . . . . [although] the trial court may conclude that certain factors merit greater weight under the unique circumstances of a particular case." ***Id.*** at 186.

***Thompson***, 2012 WL 912859, at *6.

Based upon RPC 1.5 and the holding in ***Wright***, the Court of Appeals held:

> Local Rule 33.04 characterizes the percentage formula as a "guide" to the court in setting an attorney fee, and notes that the court is not bound by them. Moreover, the "amount involved" is expressly listed in RPC 1.5 as a factor to be considered in setting an attorney fee. *See* Tenn. Sup.Ct. R. 8, RPC 1.5(a)(4) (2011). Nonetheless, we find that the inclusion of such a formula in the Local Rule is antithetical to RPC 1.5 and ***Wright*** in that it invites the trial court to use a "rule of thumb" instead of the individualized weighing process mandated by the Supreme Court. Local rules adopted by trial courts may not conflict with the rules adopted by the Supreme Court or other substantive law. *See* ***Hessmer v. Hessmer***, 138 S.W.3d 901,

905, n.4 (Tenn. Ct. App. 2003) (citing Tenn. Code Ann. § 16-2-511 (2009)).

Here, the trial court explicitly relied on the percentage formula set forth in Local Rule 33.04. In doing so, the trial court "stray[ed] beyond the applicable legal standards." See *Lee Med.*[, *Inc. v. Beecher*,] 312 S.W.3d [515,] 524 [(Tenn. 2010)].

*Thompson*, 2012 WL 912859, at *6 (footnote omitted). Thus, regardless of whether the local rule concerning the fee to be awarded to an attorney is characterized as a "guide," a trial court is not permitted to rely on such a percentage formula in setting the fee but must instead utilize "the individualized weighing process mandated by the Supreme Court." *Id.* The Court of Appeals therefore went on to determine the reasonable fee that the attorney was owed for the services rendered in the case, considering, among other things, the hours worked by the attorney, any extraordinary services rendered, "the novelty and difficulty of the questions involved," and "the fee customarily charged in the locality for similar legal services." *Thompson*, 2012 WL 912859, at *10 (quoting Tenn. Sup. Ct. R. 8, RPC 1.5). Ultimately, the Court of Appeals concluded that the attorney was entitled to a fee of $8,000.00, rather than the $39,215.50 awarded by the trial court.[5] *Id.* at *16.

The situation in this case is largely analogous to the situation presented in *Thompson*. Here, the trial court expressly denied Appellant's fee request on the basis that it did not comply with the Local Rule 19:00(H) percentage guide, despite the fact that Local Rule 19:00(H) expressly states that it is merely a guideline. The use of a percentage to determine a reasonable fee was clearly rejected by the *Thompson* Court, even where the local rule was merely a guide. *See id.* at *6. Applying *Thompson*, it appears that the guideline provided by Local Rule 19:00(H) must also be rejected.

We acknowledge, however, that there are key differences between this case and *Thompson*. First, *Thompson* involved the fee awarded to an attorney rather than a personal representative. As such, the fee dispute in *Thompson* was governed by a Rule of Professional Conduct, contained within the Rules of the Tennessee Supreme Court. Despite these differences, the similarities between this case and *Thompson* convince us that it provides appropriate guidance on this issue. Here, while no Rule of Professional Conduct is implicated, the determination of the fee to be awarded to a personal representative is clearly governed by Tennessee Code Annotated Section 30-2-606. Rule 18 of the Rules of the Tennessee Supreme Court mandates that local rules cannot conflict with not only the Rules of the Tennessee Supreme Court, but also statutory law. *See* Tenn. R. Sup. Ct. 18(a). Tennessee Code Annotated Section 30-2-606, like RPC 1.5, clearly directs that the fee

---

[5] As previously discussed, there was no dispute as to the $10,784.50 fee owed to the tax attorney. Accordingly, the Court of Appeals awarded the appellee-attorney a total award of $18,784.50, from which both the appellee-attorney's fee and the tax attorney's fee were to be paid.

awarded to a personal representative must be reasonable. *See* Tenn. Code Ann. § 30-2-606 (requiring that personal representative be awarded "reasonable compensation for services"); Tenn. Sup. Ct. R. 8, RPC 1.5(a) (requiring that courts consider the "reasonableness of a fee"). As previously discussed, this Court has indicated that the reasonableness determination included in Tennessee Code Annotated Section 30-2-606 must be determined by considering "all the relevant circumstances." ***Schorn***, 2015 WL 1778292, at *8. Under these circumstances, we likewise conclude that Local Rule 19:00(H)'s "rule of thumb" regarding the fees to be awarded to a personal representative is "antithetical" to Tennessee Code Annotated Section 30-2-606's requirement that the fees be determined on a case-by-case basis taking into account more than simply the size of the estate. *See **Thompson***, 2012 WL 912859, at *6. The trial court, therefore, abused its discretion in relying solely on Local Rule 19:00(H) to deny Appellant's fee request. Instead, on remand, the trial court shall consider "all the relevant circumstances," including "the extent of the personal responsibilities rendered, the promptness and adequacy of the services, and the value of the benefits conferred." ***Schorn***, 2015 WL 1778292, at *8 (citing ***In re Estate of Wallace***, 829 S.W.2d at 701). In reaching its decision, the trial court should endeavor to make appropriate findings of fact and conclusions of law to support its decision. *See* Tenn. R. Civ. P. 52.01 (requiring findings of fact and conclusions of law in "all actions tried upon the facts without a jury").

## Conclusion

The judgment of the Chancery Court of Haywood County is reversed and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Due to the unique procedural posture of this case, we decline to assess costs to any party.

_____
J. STEVEN STAFFORD, JUDGE