IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 21, 2021 Session

**JAMES HENRY MATTHEW OWENS V. JESSICA PAIGE MAY**

**Appeal from the Juvenile Court for Claiborne County**
**No. 2019-JV-2394   Robert M. Estep, Judge**

_____

**No. E2020-01322-COA-R3-JV**

_____

This is an appeal from the trial court's entry of a permanent parenting plan involving one minor child. The trial court named the father primary residential parent of the minor child and entered a parenting plan awarding equal co-parenting time and ordering the child's enrollment in the father's school of choice. The mother appealed. Upon our review, we vacate the order of the trial court and remand for entry of sufficient findings of fact and conclusions of law to facilitate appellate review.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and KRISTI M. DAVIS, JJ., joined.

Robert R. Asbury, Jacksboro, Tennessee, for the appellant, Jessica Paige May.

Adam M. Bullock, LaFollette, Tennessee, for the appellee, James Henry Matthew Owens.

**OPINION**

**I.    BACKGROUND**

The Child at issue was born out-of-wedlock to Jessica May ("Mother") and James Henry Matthew Owens ("Father") in May of 2015. The parties ended their relationship approximately ten months later. They followed an informal plan of equal co-parenting time with visitation every other day and every other weekend.

Two years later, Father began a relationship with his now wife ("Stepmother"). Father lives with Stepmother and her three children in a three-bedroom home. Mother lives

with her boyfriend and an older daughter, Briley, from a prior relationship. Prior to the filing of this action, Stepmother, who is Mother's cousin, facilitated the exchange of the Child on a daily basis and cared for her while the parties worked. The Child is now school-aged and ready to start kindergarten.

In January 2019, Mother sought child support from Father and the State initiated a child support action against him. The Child Support Magistrate ordered Father to pay Mother child support and calculated Father's 2016–2019 arrearage at over $10,000.

On July 25, 2019, Father filed this action in juvenile court to legitimate the Child and to establish a parenting plan. Mother filed a counter-petition and a proposed parenting plan, in which she sought designation as the primary residential parent and 255 days of co-parenting time, leaving Father with 110 days of co-parenting time. Father answered Mother's counter-petition and submitted a proposed parenting plan, designating the parties as shared primary residential parents with equal co-parenting time on a three-day rotation.[1]

The case proceeded to a bench trial on June 26, 2020, at which Father, Mother, Stepmother, and a mutual acquaintance testified. The parties testified concerning difficulties with the daily exchange of the Child and general disagreements concerning the other's care of the Child. Much of the testimony concerned the Child's placement in kindergarten for the upcoming school year. Father sought to enroll the Child in his designated school zone. Stepmother agreed, citing her difficulty with transporting the Child to Mother's school of choice. Mother sought to enroll the Child in a school affiliated with and close to her place of employment, citing her difficulty in transporting the Child to Father's school of choice. Mother acknowledged that Briley already attended Father's school of choice but explained that Briley's transportation was arranged through her father and his parents, an arrangement unavailable for the Child at issue.

Stepmother alleged that Mother left the Child without adequate supervision prior to their exchange time. Mother explained that the appointed time conflicted with her work schedule and that she left the Child with an employee, who was also a family friend, at the exchange site a few minutes prior to the designated time. The record reflects that the Child was supervised and enjoying some chocolate milk while awaiting Stepmother's arrival.

Mother also recounted a few incidents in which the Child was harmed by Stepmother's children while in Father's care. One incident involved an injury to the Child's genitalia. Father and Stepmother explained that the parties involved were adequately disciplined and that the Child was provided appropriate care following the injury. The trial court denied further evidence on this issue and did not permit closing arguments from counsel thereafter, advising the parties that it had a decision pending.

---

[1] The proposed plan was unsigned by Father.

The trial court then announced its ruling from the bench. The court's oral ruling was not incorporated into its final order, entered September 15, 2020, in which it designated Father as the primary residential parent, awarded equal co-parenting time on a weekly rotation, and ordered the Child's enrollment in Father's school of choice. This timely appeal followed.

## II. ISSUE

The dispositive issue on appeal is whether the trial court made sufficient findings of fact and conclusions of law such that meaningful appellate review of this action is possible.

## III. STANDARD OF REVIEW

In non-jury cases such as this one, we review the trial court's factual findings de novo upon the record, affording them a presumption of correctness unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review questions of law de novo, affording the trial court's decision no presumption of correctness. *Armbrister*, 414 S.W.3d at 692 (citing *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012)).

Trial courts have "broad discretion in formulating parenting plans" because they "are in a better position to observe the witnesses and assess their credibility." *C.W.H. v. L.A.S.*, 538 S.W.3d 488, 495 (Tenn. 2017) (citing *Armbrister*, 414 S.W.3d at 693). "A trial court's broad discretion on custody matters extends to the question of which parent should be named primary residential parent." *Grissom v. Grissom*, 586 S.W.3d 387, 391 (Tenn. Ct. App. 2019). On appeal, we review a trial court's decision regarding the details of a residential parenting schedule for an abuse of discretion. *Armbrister*, 414 S.W.3d at 693 (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001)). "An abuse of discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). "A trial court abuses its discretion in establishing a residential parenting schedule 'only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record.'" *Armbrister*, 414 S.W.3d at 693 (quoting *Eldridge*, 42 S.W.3d at 88).

## IV. DISCUSSION

Mother argues that the trial court's order does not contain specific findings of fact

and conclusions of law in support of the trial court's decision.[2]  Father asks this court to soldier on in its appellate review given the record submitted.

When fashioning a permanent parenting plan, trial courts are required to "consider the factors listed in Tennessee Code Annotated section 36-6-106(a)(1)–(15) to ascertain the best interest of the child, in determining a residential schedule and naming a primary residential parent."  *Sullivan v. Sullivan*, No. M2018-01776-COA-R3-CV, 2019 WL 4899760, at \*4 (Tenn. Ct. App. Oct. 4, 2019) (citing Tenn. Code Ann. §§ 36-6-106(a) and -404(b)).  "The paramount concern in establishing a permanent parenting plan is the best interest of the children."  *Maupin v. Maupin*, 420 S.W.3d 761, 770 (Tenn. Ct. App. 2013).  The best interest determination "is a fact-sensitive inquiry."  *Steakin v. Steakin*, No. M2017-00115-COA-R3-CV, 2018 WL 334445 at \*5 (Tenn. Ct. App. Jan. 9, 2018).  The determination "'does not call for a rote examination of each of [the relevant] factors and then a determination of whether the sum of the factors tips in favor of or against the parent.'"  *Id*. (quoting *In re Marr*, 194 S.W.3d 490, 499 (Tenn. Ct. App. 2005)).  Rather, "'[t]he relevancy and weight to be given each factor depends on the unique facts of each case.'"  *Id*.

The order before this court does not contain specific findings of fact and conclusions of law in support of the trial court's decision.  While the court's pronouncement from the bench contained some of the court's reasoning, such reasoning may not be considered when the oral ruling was not incorporated into the final order.  *See generally Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) ("A Court speaks only through its written judgments, duly entered upon its minutes.  Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered.").  Tennessee Rule of Civil Procedure 52.01 requires that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."  When a trial court does not explain the basis of its ruling, we are hampered in performing our reviewing function, and we may remand the case with instructions to make requisite findings of fact and conclusions of law and enter judgment accordingly.  *See In re Noah J*., 2015 WL 1332665 at \*5–6 (Tenn. Ct. App. Mar. 23, 2015).

Accordingly, we vacate the ruling and remand this matter to the trial court to issue sufficient findings of fact and conclusions of law based upon the aforementioned statutory

---

[2] Mother further claims that the plan entered by the trial court was not proposed by either party.  She questions the court's authority to enter a plan that was not proposed by either party and notes that Father's proposed plan was unsigned.  Tennessee Code Annotated section 36-6-404(c)(3) directs the parties' submission of a proposed parenting plan but leaves the ultimate decision to the court in deference to the best interest of the child.  The court is not limited to a choice between the plans proposed by the parties.  Likewise, Father's failure to sign the proposed plan is not a legally cognizable issue under the circumstances presented here.

factors. We recognize that time has marched on during this litigation. The trial court may, in its discretion, consider additional evidence to ensure that the parenting plan is based on the Child's and the parties' current circumstances. *See, e.g.*, *Kathryne B.F. v. Michael B.*, No. W2013-01757-COA-R3-CV, 2014 WL 992110, at \*7 (Tenn. Ct. App. Mar. 13, 2014). All other issues are pretermitted by this court's determination.

## V.    CONCLUSION

The judgment of the trial court is vacated. The case is remanded for entry of findings of fact and conclusions of law. Costs of the appeal are taxed equally to the parties, James Henry Matthew Owens and Jessica Paige May.

_____
JOHN W. MCCLARTY, JUDGE